**Donnie JONES, Appellant,**

v.

**Homer E. SAYAD, et al., Respondents.**

**No. 45710.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 15, 1983.

Motion for Rehearing and/or Transfer
Denied July 6, 1983.

Application to Transfer Denied
Aug. 16, 1983.

C. John Pleban, St. Louis, for appellant.

David Danis, St. Louis, for respondents.

CRANDALL, Presiding Judge.

Appellant, a police officer employed by the City of St. Louis Police Department, appeals from the judgment of the trial court affirming the Board of Police Commissioners' decision to dismiss him from the department. The Board found appellant guilty of three violations of departmental rules. On appeal, only the Board's determination of Charge I is challenged, and we will therefore limit our analysis to that charge.

In Charge I, the Board found that appellant was permanently unable to perform the ordinary and necessary duties of a police officer

> based upon his own statements made to a number of his commanding officers that working in and around black citizens and black police officers depresses him, causes him anxiety, requires him to be on medication which causes drowsiness; *based on Dr. Linda Fischer's opinion that Officer Donnie Jones's feelings were unlikely to change;* and based upon the Board's conclusion that a police officer of the City of St. Louis is required to be regularly in contact with persons of the black race. (Emphasis added.)

█ Our review is limited to whether the decision of the Board is supported by competent and substantial evidence upon the record as a whole. § 536.140.2(3), RSMo (1978). Within this limited scope of review, we now consider appellant's contentions.

Appellant first contends that the Board's decision was erroneous because it was based, in part, on privileged physician-patient communications. On his own volition, appellant consulted Dr. Linda Fischer, Chief Physician of the St. Louis Metropolitan Police Department, for treatment of depression and anxiety. In her testimony at appellant's hearing, Dr. Fischer was permitted to confirm her earlier opinion that it "would be unrealistic to anticipate any radical changes in his (appellant's) feelings with respect to race." Dr. Fischer did not testify to any facts upon which she based her opinion.

█ The admission into evidence of Dr. Fischer's opinion was erroneous, because she was rendered incompetent to testify by § 491.060(5), RSMo (1978), which provides for privileged communications between physician and patient. Appellant did not waive the privilege, and therefore he was entitled to the protection of the statute. *State v. Kennedy,* 177 Mo. 98, 75 S.W. 979, 987–988 (1903); see *also* McCormick, Hornbook on Evidence, § 99 at 213 (Cleary Ed.2d 1972). Furthermore, Dr. Fischer's expression of opinion was inadmissible since there were no supporting facts observed and detailed by the witness in the record to form a basis for her opinion. In the *Matter of Armstrong,* 573 S.W.2d 141, 145 (Mo.App. 1978).

█ The error by the Board in admitting Dr. Fischer's opinion does not, however, dictate a reversal unless there is not sufficient competent evidence to sustain the Board's decision. *Giessow v. Litz,* 558 S.W.2d 742, 750 (Mo.App.1977). If Dr. Fischer's opinion was the sole basis for the Board's decision, then a reversal would be mandated. But, such is not the case. In addition to Dr. Fischer's opinion, the Board based its decision on appellant's statements that black citizens and black police officers depressed him, caused him anxiety, and required him to be on medication that caused drowsiness. The Board also found that appellant could not perform his ordinary and necessary duties because a police officer of the City of St. Louis is required to be regularly in contact with persons of the black race. This evidence is supported by the record and is unchallenged on appeal. Despite the reception of inadmissible evi-

dence, the substantial weight of competent evidence supported the Board's decision. Appellant's first contention is denied.

Appellant next contends that the Board erred in ordering the Medical Director of the Police Department to transfer physical custody of appellant's medical records to the Board. Appellant speculates that because the records were transferred to the Board that therefore they were considered by the Board. These records were never admitted into evidence and there is nothing in the record to indicate that they were considered by the Board. The Board's findings of fact make no reference to the records. Appellant's second contention is denied.

Appellant next contends that the Board erred in finding that appellant's unfitness was of a permanent nature. Excluding Dr. Fischer's testimony, the record is replete with other compelling evidence to support this finding. An extended opinion on this point would have no precedential value, and therefore appellant's contention is denied pursuant to Rule 84.16(b).

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.